## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| EDDIE TYREESE GUYTON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:23-CV-668-TLS-MGG |
| RUSS OLMSTEAD, et al., | |
| Defendants. | |

## OPINION AND ORDER

Eddie Tyreese Guyton, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Guyton alleges that, while he was at the St. Joseph County Jail awaiting trial, county jail staff did not abide by the jail's policy on serving Kosher meals. On May 1, 2023, there was a razor blade in his food. His gums were injured and became infected. He has written to the warden, kitchen, and administrators about the policy not being followed, but still the policy is not enforced. He is suing Warden Russ Olmstead, Captain Zawistowski, Armark Kitchen Supervisor Mike Sharpiro, Kitchen Staff, and Ofc. Benson. He seeks monetary damages. He also asks that Kosher meals be served per the Rabbi's policy, and that Kosher certified food handlers be used to deliver meals.

Guyton does not describe the policy he seeks to have enforced or explain how the failure to follow the policy led to his injury. He does not allege that Warden Russ Olmstead, Captain Zawistowski, Aramark Kitchen Supervisor Mike Sharpiro, or Ofc. Benson put the razor in his food or were otherwise personally involved in causing his injury. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Furthermore, Guyton cannot proceed against all members of the kitchen staff generally based on speculation that someone who works in the kitchen is responsible for placing the razor in his food.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Guyton may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Eddie Tyreese Guyton until **November 30, 2023**, to file an amended complaint; and

2

3

(2) CAUTIONS Eddie Tyreese Guyton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 1, 2023.

>s/ Theresa L. Springmann
>JUDGE THERESA L. SPRINGMANN
>UNITED STATES DISTRICT COURT